IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Elizabeth Bailey
        Plaintiff                         Case No.:

vs.

Reliance Standard Life Insurance Company
        Defendant

**COMPLAINT**
STATEMENT OF THE CASE

1. This is an action for damages, equitable relief and attorney fees and costs under the Employee Retirement Income Security Act of 1974, as amended (ERISA), 29 U.S.C. § 1001, *et seq.,* specifically 29 U.S.C. § 1132(a)(1)(b).

**JURISDICTION AND VENUE**

2. This Court has jurisdiction of Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1337, as well as 29 U.S.C. § 1132(e) and 29 U.S.C. §1132(f).

3. Venue is proper in this district, pursuant to 28 U.S.C. § 1391(b) and (c), because the breach of the employee benefits contract between the parties occurred within this district.

**PARTIES AND GENERAL ALLEGATIONS**

4. Plaintiff, Elizabeth Bailey, is a resident of Putnam County, Florida  At all times relevant hereto Plaintiff, Elizabeth Bailey, was an  "employee" of  Seminole Electric Cooperative, Inc. her"employer",  as those terms are defined in 29 U.S.C. §§ 1002(5) and (6).

5. Defendant, Reliance Standard Life Insurance Company, is a foreign corporation and a fiduciary with respect to such claim, and does business in the Middle District of Florida.

6. At all times relevant hereto Plaintiff was a "participant" in and a "beneficiary" of a long-term disability insurance plan, as those terms are defined by 29 U.S.C. §§ 1002(7) and (8), and herinsurance premium required for coverage under the STD/LTD PLAN had been fully paid or otherwise satisfied.

7. The STD/LTD PLAN is an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1), and may be sued under ERISA as an entity, pursuant to 29 U.S.C. § 1132(d)(1).

8. At all times relevant hereto Plaintiff's employer, Seminole Electric Cooperative, Inc. was the "plan sponsor" as that term is defined by 29 U.S.C. § 1002(16)(B).

9. At all times relevant hereto Defendant, Reliance Standard Life Insurance Company, is the "administrator", of the STD/LTD PLAN, and a "fiduciary" as those terms are defined by 29 U.S.C. §§ 1002, (16) and (21).

10. At all times relevant hereto the STD/LTD PLAN provided for payment of long-term disability benefits in the event Plaintiff became "disabled", as defined in the STD/LTD PLAN.

11. At all times relevant hereto, Plaintiff was "disabled" as that term is defined in the STD/LTD PLAN and this claim relates to benefits under the foregoing plan.

12. Plaintiff has filed or caused to be filed proofs of claim and performed all other conditions precedent to recovering benefits under the STD/LTD PLAN for the loss or losses herein claimed.

13. Plaintiff has exhausted her administrative remedies.

## FACTS

14. Plaintiff realleges and reaffirms paragraphs 1 though 13 of the Complaint, incorporating them by reference herein as if specifically restated.

15. At all times material to this action there was in full force and effect an insurance plan for long-term disability benefits constituting a binding contract of insurance between the parties.

16. The purpose of the plan was to pay to Plaintiff, Elizabeth Bailey, a specified monthly sum in the event that she became disabled. "Disability" and "Disabled" is defined in the policy to mean:

> "'Regular Occupation' means the occupation the Insured is routinely performing when Total Disability begins. We will look at the Insured's occupation as it is normally performed in the national economy, and not the unique duties performed for a specific employer or in a specific locale.
>
> 'Totally Disabled' and 'Total Disability' mean, that as a result of an Injury or Sickness:
> (1) During the Elimination Period and for the first 24 months for which a Monthly benefit is payable, an Insured cannot perform the material duties of his/her Regular Occupation;
>    a. 'Partially Disabled' and 'Partial Disability' mean that as a result of an Injury or Sickness an Insured is capable of performing the material duties of his/her Regular Occupation on a part-time basis or some of the material duties on a full-time basis.
>    b. 'Residual Disability' means being Partially Disabled during the Elimination Period. Residual Disability will be considered Total Disability; and
> (2) After a Monthly Benefit has paid for 24 months, an Insured cannot perform the material duties of Any Occupation. We consider the Insured Totally Disabled if due to an Injury or Sickness he or she is capable of only performing the material duties on a part-time basis or part of the material duties on a full-time basis."

17. Plaintiff was an eligible plan participant of the long-term disability plan at all times material to this action

18. Plaintiff became disabled and stopped working on March 31st, 2021 due to migraines, intracable headaches and chronic neck pain. The Plaintiff was denied for Short Term disability which was appealed by counsel. The Short Term Disability claim was denied by letter of May 25,

2022. The claim for Long-term disability benefits was denied on January 26, 2023. The undersigned appeal that denial which was upheld by letter of December 4, 2023.

19. During this time period, Plaintiff's disability was fully supported by her treating physicians.

20. Since April 1, 2021, the Plaintiff has continued to meet the definition of disability as defined by the Policy and continues to be disabled from not only her occupation but any occupation. she has not worked in any occupation for which she is or may reasonably become qualified for based on her education, training, and experience.

21. By the terms of the Defendant's Policy, the Plaintiff applied for Social Security Disability benefits with an onset date of March 30, 2021.

22. Plaintiff has entered into a Contract of Representation and has agreed to pay the undersigned an attorney's fee for representation.

### **COUNT ONE**

**Action to Recover Plan Benefits**
**Pursuant to 29 U.S.C. § 1132(a)(1)(B)**

23. Plaintiff realleges and reaffirms paragraphs 1 through 22 of the Complaint, incorporating them by reference herein as if specifically restated.

24. Defendant has failed and refused to pay Plaintiff sums due pursuant to the terms of the LTD PLAN since April 1, 2021 and continuing.

25. Plaintiff is entitled to recover attorney's fees and costs of litigation as authorized by 29 U.S.C. § 1132(g).

WHEREFORE, Plaintiff requests that this Honorable Court enter an Order granting relief from Defendant for benefits due under the LTD PLAN through specific performance of the contract between the parties, together with interest, costs of litigation and attorney's fees.

### COUNT TWO

**Action to Clarify Right to Receive Plan Benefits**
**Pursuant to 29 U.S.C. § 1132(a)(1)(B)**

26. Plaintiff realleges and reavers paragraphs 1 through 22 of the Complaint, incorporating them by reference herein as if specifically restated.

27. Plaintiff is entitled to benefits under the LTD PLAN.

28. Defendant has denied that Plaintiff is entitled to benefits under the LTD PLAN from April 1, 2021 and continuing.

29. Plaintiff is entitled to clarification of her right to reinstatement under the LTD PLAN.

30. Plaintiff is entitled to recover attorney's fees and costs as authorized by 29 U.S.C. § 1132(g).

WHEREFORE, Plaintiff requests that this Honorable Court enter an order declaring her right to benefits from April 1, 2021 and continuing under the LTD PLAN, pursuant to 29 U.S.C. § 1132(a)(1)(B), and award her attorney's fees and costs of litigation pursuant to 29 U.S.C. § 1132(g).

Dated this 26th day of February, 2024

Respectfully Submitted,

*/s/ Nancy L. Cavey*
NANCY L. CAVEY, ESQUIRE
Florida Bar No.: 300934
LAW OFFICES OF NANCY L. CAVEY
1700 66th Street N. Suite 504
St. Petersburg, Florida 33710

(727) 894-3188 – Phone  
(727) 998-9001– Fax  
ncavey@caveylaw.com  
Attorney for Plaintiff